UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN ANDREW FLORES,

                Plaintiff,

v.

STEVEN MONTIGNY and ALDEN KING,

                Defendants.

24-CV-2969 (RA)

ORDER OF SERVICE

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff, who is currently detained at the Hudson County Correctional Center in Kearny, New Jersey, brings this *pro se* action, under 42 U.S.C. § 1983, alleging that two New York State parole officers assaulted him. By order dated April 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

    Plaintiff's initial complaint named the State of New York, the New York State Department of Corrections and Community Supervision ("DOCCS"), Officer Montigny, and a John Doe Defendant. ECF No. 1. On May 1, 2024, the Court dismissed Plaintiff's claims against the State of New York and DOCCS and ordered the New York State Attorney General to ascertain the identity of the John Doe Defendant and the address where he may be served. ECF No. 6. The Court

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

further permitted Plaintiff to effect service on Defendant Montigny through the U.S. Marshals Service. *Id.*

On August 6, 2024, the Marshals Service reported that it was unable to execute service on Defendant Montigny. *See* ECF No. 11. The Court then directed the New York State Attorney General to provide the address at which Defendant Montigny can be served. ECF No. 12.

On September 6, 2024, the Attorney General filed a letter (1) identifying Defendant Alden King as the John Doe Defendant; (2) providing an address for service on Officer King; and (3) requesting to provide Defendant Montigny's last known home address directly to the Court via email. ECF No. 14. The Attorney General provided Defendant Montigny's last known home address to the Court on September 12, 2024.

By letter dated September 23, 2024, Plaintiff sought leave to file an amended complaint naming Officers Montigny and King as defendants. ECF Nos. 16, 17. The Court granted Plaintiff's request on October 10, 2024, *see* ECF No. 18, and directed the Clerk of Court to issues summonses for Defendant Montigny and Defendant King, complete an USM-285 form with the address for the Defendants, and deliver all documents necessary to effect service on the Defendants to the U.S. Marshals Service, *see* ECF No. 19.

A.  **Service of the Amended Complaint**

By letter dated October 8, 2024, Plaintiff again requested leave to amend the complaint to "state[] additional facts that clearly illustrate how the conduct of each defendant was indeed the proximate cause of the foreseeable injuries suffered by Plaintiff." ECF No. 21 at 1. Plaintiff's request for leave to amend is granted. However, no further requests for leave to amend will be granted at this time. Additionally, in any future requests for leave to amend, Plaintiff is directed to specify the language in his proposed amended complaint that differs from that in the operative complaint.

To allow Plaintiff to effect service on Defendant Montigny and Defendant King through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the it to effect service on the Defendants.

If the amended complaint is not served within 90 days after the date the summonses are issued, Plaintiff must request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).[2]

**B.     Change of Address**

Plaintiff is advised that he must notify the Court in writing if his address changes, as the Court may dismiss the action if Plaintiff fails to do so.

**C.     Local Civil Rule 33.2**

Plaintiff is further advised that Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to those standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date a summons is issued.

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

## CONCLUSION

The Clerk of Court is directed to issues summonses for Defendant Montigny and Defendant King, complete an USM-285 form with the address for these Defendants, and deliver all documents necessary to effect service on the Defendants to the U.S. Marshals Service.

The Clerk of Court is further directed to mail Plaintiff an information package and a copy of this Order.

Plaintiff is advised that he must notify the Court in writing if his address changes, and that Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 24, 2024
        New York, New York

RONNIE ABRAMS
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Alden King
New York State Dep't of Corr. & Cmty. Supervision
Counsel's Office 1220
Washington Avenue Albany, New York 12226-2050