**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

JOHN ANDREW FLORES,                                           :

                        Plaintiff,                       :

                                  :           24-CV-2969 (RA) (OTW)

      -against-                                         :

                                  :           **ORDER**

STEVEN MONTIGNY and ALDEN KING,                              :

                                :

                    Defendants.                        :

                                :

-------------------------------------------------------------x

      **ONA T. WANG, United States Magistrate Judge:**

      The Court has reviewed the parties' letters at ECF 65 and 67, in which Defendants seek to compel Plaintiff to produce: 1) "All documentation and communications related to [Plaintiff's] ownership of firearms, including, but not limited to, permits and licenses;" and 2) "All documentation and communications related to any crimes [Plaintiff was] charged with and/or convicted of in relation to the events of September 9, 2022, including, but not limited to, plea agreements." (ECF 65). Plaintiff objects that these requests are irrelevant to the excessive force claim at issue in this case because Plaintiff does not dispute the lawfulness of his arrest, merely the force used by Defendants to effect it. (ECF 67). I agree.

      Defendants argue (without citation to any case law) that they seek to discover relevant information about the presence of a gun to evaluate the reasonableness of Defendants' actions in arresting Plaintiff. (ECF 65). However, there is no dispute that Plaintiff had a firearm when he was arrested, and that the Officers knew that. (ECF 67). To the extent circumstances surrounding the arrest are relevant to an excessive force claim, it is the presence of a handgun that matters (which is not disputed), not the ownership or possession of a license to carry one. *Ridge v. Davis*, 639 F.Supp.3d 465, 471 (S.D.N.Y. 2022) (citing *Jones v. Parmley*, 465 F.3d

46, 61 (2d Cir. 2006) (excessive force claims turn on whether use of force objectively unreasonable "in light of the facts and circumstances confronting [the arresting officers], without regard to [the officers'] underlying intent or motivation." (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Likewise, Defendants have not demonstrated how criminal court charging documents would illuminate any aspect of the circumstances confronting the officers at the time of Plaintiff's arrest. *See Ridge*, 639 F.Supp.3d at 471. (information about nature and severity of Plaintiff's alleged crime admissible at trial, but certificate of disposition related to underlying arrest both irrelevant and inadmissible).

While evidence need not be admissible to be discoverable, Defendants make no other arguments which demonstrate how the discovery sought would make any circumstance surrounding the Defendants' objective reasonableness in effecting Plaintiff's arrest more or less probable. Accordingly, Defendants have not demonstrated that the information sought is relevant. *See, e.g, In re OpenAI, Inc., Copyright Infringement Litig.*, 800 F. Supp. 3d 602, 607 (S.D.N.Y. 2025) (collecting cases for proposition that party seeking to compel discovery carries burden of demonstrating information sought relevant and proportional). Because Defendants have not carried their burden to show relevance, the Court need not reach the question of proportionality. *See id*.

Accordingly, Defendants' motion to compel is **DENIED**. The parties are directed to file a new Rule 26(f) report proposing an amended discovery schedule by **June 9, 2026**. The Clerk of Court is respectfully directed to close ECF 65.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: June 3, 2026                         **Ona T. Wang**
     New York, New York                United States Magistrate Judge